MELISSA A. JONES (SB #205576)
melissa.jones@stoel.com
MATTHEW T. STRUHAR (SB #293973)
matt.struhar@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: (916) 447-0700
Facsimile: (916) 447-4781

Attorneys for Defendant
SERUM SOURCE INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| GEMINI BIOPRODUCTS, INC., a California corporation,<br><br>     Plaintiff,<br><br>  v.<br><br>SERUM SOURCE INTERNATIONAL, INC., a North Carolina corporation; and DOES 1-50, Inclusive,<br><br>     Defendants. | CASE NO. 2:17-CV-01551-JAM-KJN<br><br>**DEFENDANT SERUM SOURCE INTERNATIONAL, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>(Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6))<br><br>Date:   October 17, 2017<br>Time:   1:30 p.m.<br>Location: Courtroom 6, 14th Floor<br>Judge:  Hon. John A. Mendez<br><br>Action Filed:  June 19, 2017 |

**REPLY MEMORANDUM**

2   **I.    INTRODUCTION**

3          The Opposition Memorandum submitted by Plaintiff Gemini Bioproducts, Inc.

4    ("Gemini") asks this Court to hold that merely doing business with a California company

5    amounts to a purposeful availment of California's laws.  Adopting Gemini's argument would

6    shift the jurisdictional inquiry from the defendant's relevant contacts with the forum state to the

7    plaintiff's, marking a stark departure from settled law.  For that reason, this Court should reject

8    Gemini's arguments and dismiss the Complaint for lack of personal jurisdiction.

9   **II.    ARGUMENT**

10         **A.    Gemini Has Not Met the Exacting Standard for General Jurisdiction.**

11         According to Gemini, California may "exercise general personal jurisdiction over a

12   defendant on claims directly related to business contacts connecting the defendant to the State."

13   Dkt. 9, p. 7.  Such a test for general jurisdiction would have a sweeping effect.  General

14   jurisdiction is also known as *all-purpose* jurisdiction, meaning that a defendant can be subject to

15   suit in the forum state even if the lawsuit arises from defendant's contacts elsewhere.  To adopt

16   Gemini's test would permit litigants to haul any out-of-state company into court so long as that

17   company has had some business connection with the forum state.  *See Bristol-Myers Squibb Co.*

18   *v. Superior Court of Cal.*, 137 S. Ct. 1773, 1780 (2017) ("A court with general jurisdiction may

19   hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a

20   different State." (emphasis in original)).  The U.S. Supreme Court has consistently rejected such

21   broad theories of general jurisdiction.  *See, e.g., Goodyear Dunlop Tires Operations, S.A. v.*

22   *Brown*, 564 U.S. 915, 929 (2011) ("Under the sprawling view of general jurisdiction urged by

23   respondents . . ., any substantial manufacturer or seller of goods would be amenable to suit, on

24   any claim for relief, wherever its products are distributed.").

25         *Helicopteros* did not hold that case-specific contacts warrant general jurisdiction, as

26   Gemini argues.  There was no dispute in *Helicopteros* that Texas lacked specific jurisdiction over

27   the case, as that lawsuit did arise from defendant's contacts with Texas.  *Helicopteros Nacionales*

28   *de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984).  But the exercise of general jurisdiction

depends on whether Serum Source International, Inc.'s ("SSI") contacts with California effectively render SSI home here, not on SSI's case-specific contacts. *See Goodyear*, 564 U.S. at 919. For that reason, California lacks general jurisdiction over SSI.

**B.    Gemini Misapplies the Test for Specific Jurisdiction.**

California also lacks specific jurisdiction over SSI in this case. Gemini points to no new relevant contacts. The relevant contacts include SSI's communication with Gemini over Lot No. FBZ16682, the entry into the purchase agreement, and SSI shipping Lot No. FBZ16682 from its headquarters in North Carolina. These attenuated contacts do not amount to purposeful availment. As the Ninth Circuit has explained, a "showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Nothing in Gemini's opposition or complaint details conduct by SSI occurring within the forum state.

Tellingly, Gemini principally relies on cases applying the purposeful *direction* test. *See, e.g., Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011); *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128-29 (9th Cir. 2010). Yet as Gemini acknowledges, the proper test for a breach of contract case is purposeful availment. Dkt. 9, p. 9. And while *Zippo Dot Com* and *Stomp, Inc.*, used the term "purposeful availment," these were tort cases, and thus the courts examined defendant's contacts under a framework more akin to purposeful direction. *See Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1126 (W.D. Pa. 1997); *Stomp, Inc. v. NeatO, LLC*, 61 F. Supp. 2d 1074, 1078-79 (C.D. Cal. 1999). Gemini's reliance on *Zippo* is, in any event, misplaced, as this case involves ordinary channels of communication between commercial parties, not an interactive website. *See Boschetto v. Hansing*, 539 F.3d 1011, 1018-19 (9th Cir. 2008) (holding that the "sliding scale" analysis "is largely inapplicable" in a case involving "a one-time contract" via online communications).

Gemini also fails to grapple with recent Supreme Court precedent concerning personal jurisdiction. Throughout its opposition, Gemini alludes to SSI's business connections in California that go beyond the sale of Lot No. FBZ16682. But those contacts are irrelevant to the

specific jurisdiction inquiry. As the Supreme Court made clear in *Goodyear* and reiterated this year, "specific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Goodyear*, 564 U.S. at 919 (citation omitted); *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780.

In *Bristol-Myers Squibb*, the Supreme Court held that when considering specific jurisdiction, "a defendant's general connections with the forum are not enough." *Id*. at 1781. Otherwise, the specific jurisdiction inquiry would morph into a lax general jurisdiction analysis. *Id*. Gemini's proposed test "resembles a loose and spurious form of general jurisdiction," which the Supreme Court rejected in *Bristol-Myers Squibb*. *Id*. At bottom, Gemini must present "a connection between the forum and the specific claims at issue," and that connection alone must satisfy the minimum contacts requirement imposed by the due process clause. *Id*.

Thus, rather than being distinguishable, *Boschetto* is on point. Like *Boschetto*, this case concerns a lone contract for the sale of goods, which "is insufficient to have created a substantial connection with California." 539 F.3d at 1017. Critically, *Boschetto* analyzed whether the contract *at issue in the case* created "any continuing commitments" on the part of the defendants. *Id*. Because that contract did not create any continuing obligations on the part of the defendants, nor require them "to engage in any substantial business in California," the defendants were not subject to specific jurisdiction in California. *Id*.

When Gemini argues that its claims arise out of SSI's forum-related activities, it reverts to citing tort cases. *See, e.g., Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). To that end, Gemini argues that the effects of SSI's conduct in the forum state matter. But they do not when it comes to assessing purposeful availment. *Cf. id.* at 1321 ("In *tort* cases, jurisdiction may attach if the defendant's conduct is aimed at or has an effect in the forum state." (emphasis added)). What matters for purposeful availment is "the affirmative conduct of the defendant," and a "contract alone does not automatically establish the requisite minimum contacts necessary for the exercise of personal jurisdiction." *Gray & Co. v. Firstenberg Mach. Co.,* 913 F.2d 758, 760 (9th Cir. 1990).

Stoel Rives LLP
Attorneys At Law
Sacramento

DEFENDANT'S REPLY MEMORANDUM ISO MOTION TO DISMISS -- 2:17-CV-01551-JAM-KJN

94324880.2 0059712-00001

Finally, Gemini has not rebutted SSI's arguments that the exercise of personal jurisdiction in this case would be unreasonable.  In assessing the burden on SSI, Gemini fails to acknowledge that limited contacts, even if jurisdictionally sufficient, will militate "against exercising jurisdiction." *FDIC v. British-American Ins. Co.*, 828 F.2d 1439, 1444 (9th Cir. 1987).  Gemini also makes no argument that litigating in California is crucial to providing "convenient and effective relief," simply quoting an unpublished district court case and stating conclusively that this factor favors Gemini. Dkt. 9, p. 15.  But hardship to Gemini is irrelevant.  *FDIC*, 828 F.2d at 1444.  Like California, North Carolina has adopted the uniform commercial code, and so "the law in each forum is similar," thus cutting against the importance of California providing Gemini with convenient and effective relief.  *See Gray & Co.*, 913 F.2d at 761.

### C.  Gemini Has Not Established That Its Pleadings Demonstrate a Plausible Entitlement to Relief.

In opposing SSI's 12(b)(6) motion, Gemini cites, but does not address, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  *Twombly* imposed a heightened standard requiring Gemini to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  Yet Gemini makes no argument that its allegations raise its entitlement to relief beyond a speculative level. *See id*. at 555.

Notably, Gemini does not contest a core argument that SSI asserted in its motion: that Gemini implausibly staked its allegedly sterling reputation without first testing Lot No. FBZ16682. Dkt. 6-1, pp. 13-14; Dkt. 9, p. 18.  Gemini tendered payment after holding onto Lot No. FBZ16682 for 13 days, and it began marketing the product soon thereafter. Compl., ¶¶ 10-11.  Either Gemini tested the product and marketed it, or (as SSI assumed in its motion) Gemini marketed it to end users without first testing it.  Although Gemini contends that it was not unreasonable to delay informing SSI until discovery of the problem, Gemini does not explain why it marketed the product without first testing it. Dkt. 9, p. 18.

Yet Gemini delayed notifying SSI for six months after receiving Lot No. FBZ16682. Compl., ¶ 12.  Previous California cases have found such a delay unreasonable as a matter of law. *See Fieldstone Co. v. Briggs Plumbing Prods., Inc.*, 54 Cal. App. 4th 357, 370 (1997); *Ice Bowl,*

1   *Inc. v. Spalding Sales Corp.*, 56 Cal. App. 2d 918, 921-22 (1943). To be sure, whether notice was

2   reasonable often depends on the particular circumstances of the case. *See Mexia v. Rinker Boat*

3   *Co.,* 174 Cal. App. 4th 1297, 1308 (2009) (collecting cases). But when facts are undisputed, "the

4   issue may be determined as a matter of law." *Fieldstone Co.*, 54 Cal. App. 4th at 370 (citing

5   *Whitfield v. Jessup*, 31 Cal. 2d 826, 832 (1948)). And there is no dispute that Gemini delayed in

6   providing notice to SSI for six months, all without testing the product itself for any defects.

7       In defending its unfair competition claim, Gemini cites *Shroyer v. New Cingular Wireless*

8   *Services* without distinguishing it, even though it is controlling. Dkt. 9, p. 19. *Shroyer* held that a

9   breach of contract will not suffice to sustain an unfair competition claim. *Shroyer v. New*

10   *Cingular Wireless Servs., Inc.*, 622. F3d 1035, 1044 (9th Cir. 2010). Gemini has not alleged that

11   SSI has engaged in a pattern or practice of unfair conduct, distinguishing it from the elaborate

12   schemes alleged in Gemini's cited cases. *See Saunders v. Superior Court*, 27 Cal. App. 4th 832,

13   837-39 (1994); *see also People ex rel. Renne v. Servantes*, 86 Cal. App. 4th 1081, 1083 (2001)

14   (defendant "over a period of years committed myriad unfair business practices and abused the

15   public").

16       Finally, Gemini's Opposition Memorandum exceeds the limit this Court imposed in its

17   Standing Order by five pages. SSI respectfully requests that this Court disregard Gemini's

18   arguments in those excessive pages.

19   **III.**   **CONCLUSION**

20       For all of the foregoing reasons, Defendant SSI respectfully requests that the Court grant

21   its Motion to Dismiss with prejudice.

22

DATED: October 10, 2017         STOEL RIVES LLP

23

24

By: /s/Matthew T. Struhar

25                 MELISSA A. JONES

26                 MATTHEW T. STRUHAR
                Attorneys for Defendant

27                 SERUM SOURCE INTERNATIONAL,
                INC.

28