UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GEMINI BIOPRODUCTS, INC., a
California Corporation,

              Plaintiff,

     v.

SERUM SOURCE INTERNATIONAL, Inc.,
a North Carolina corporation; and
DOES 1-50, Inclusive,

            Defendants.

No. 2:17-cv-01551-JAM-KJN

**ORDER GRANTING SERUM SOURCE
INTERNATIONAL, INC.'S
MOTION TO DISMISS**

    Plaintiff, Gemini Bioproducts, Inc. ("Gemini") claims that
it bought a bad shipment of Fetal Bovine Serum ("FBS") for
$209,912.95 from Defendant Serum Source, International ("SSI").
Compl., ECF No. 1-1, ¶ 9.  SSI rejected Gemini's request for a
refund.  Compl. ¶¶ 11-16.  As a result, Gemini filed this action
against SSI.  SSI moves to dismiss for lack of personal
jurisdiction.  Mem., ECF No. 6-1.  For the reasons explained
below, the Court grants Defendant's motion with leave to amend.[1]

///

---

[1] This motion was determined to be suitable for decision without
oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
for Oct. 17, 2017.  In deciding this motion, the Court takes as
true all well-pleaded facts in the operative complaint.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Gemini is a California corporation headquartered in West Sacramento.  Decl. of Bertram J. Polan In Support of Opp'n ("Polan Decl."), ECF No. 9-2, ¶ 3.  It manufactures and sells cell culture sera like FBS.  Id. ¶ 4.  SSI is a North Carolina corporation with its headquarters in Charlotte.  Decl. of Jonathan Jacobs In Support of Mot'n, ECF No. 6-3, ¶ 2.  SSI has done business with Gemini and at least four other businesses in California that are not parties to this litigation.  Polan Decl. ¶¶ 7-8.

Since 2006, Gemini has purchased 46 lots of FBS from SSI.  Compl. ¶ 36.  In February 2016, Gemini bought 967 bottles of FBS from SSI for $209,912.95.  See Compl. ¶ 9.  The bottles arrived a couple of weeks later.  See id.  But when Gemini marketed the bottles to its customers, they complained about cells dying or growing very slowly in the FBS.  See id. ¶¶ 10-11.  In over 30 years of being in business, this was the first time Gemini did not have a 100% rate of acceptance of FBS.  Id. ¶ 10.

In September 2016, Gemini complained to SSI that the FBS it bought in February was not of the quality that SSI represented or that was standard for the industry.  See id. ¶ 12.  SSI told Gemini it was trying to resolve the problem but also reminded Gemini that it knew the quality of the FBS it was buying.  See id. ¶ 14.  Gemini now demands a full refund and has sued SSI on the following claims: breach of contract; breach of the implied covenant of good faith and fair dealing; open book account; and unfair competition.  See generally Compl.

///

Gemini filed suit in the Superior Court of California, County of Yolo, on June 19, 2017, and served SSI a week later. Notice of Removal, ECF No. 1. The case was removed to federal court a month after SSI received the Complaint, on the basis of diversity jurisdiction and the amount in controversy being more than $75,000. See Notice of Removal at 2-3. SSI has moved to dismiss for lack of personal jurisdiction. See generally Mem.

## II. OPINION

### A. Personal Jurisdiction

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff must make a prima facie showing that the court has jurisdiction over the defendant. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). Still, a plaintiff cannot simply rest on the bare allegations of the complaint. Ranza v. Nike, Inc., 793 F.3d 1059, 1068 (9th Cir. 2015). In making its prima facie showing, the plaintiff can offer affidavits that the Court can choose to consider. Data Disc, Inc. v. Sys. Tech. Assocs., 557 F.2d 1280, 1285 (9th Cir. 1977).

There are two types of personal jurisdiction: general and specific. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919-20 (2011) (internal citation omitted). General jurisdiction lies where a foreign corporation's affiliations with the forum state are sufficiently continuous and systematic to render them at home in the forum state. Goodyear, 564 U.S. at 919-20. A court may have general jurisdiction over a defendant even when the claims at issue are distinct from the

defendant's activities in that forum.  Id.  Specific

jurisdiction lies where the defendant has established minimum

contacts with the forum state and the dispute arises from those

contacting activities with the forum state.  Yahoo! Inc. v. La

Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1204-

05 (9th Cir. 2006).

    B.   Discussion

        1.   General Jurisdiction

Gemini argues this Court has general jurisdiction over SSI

because of a continual and longstanding course of conduct and

business between Gemini and SSI.  See Opp'n at 6-7.  Not so.

General jurisdiction requires Gemini to show that SSI's own

affiliations with California are sufficiently "continuous and

systematic" and that California basically operates as a home to

SSI.  Goodyear Dunlop Tires Operations, S.A., 564 U.S. at 919

(internal citation and quotation marks omitted).  "This is an

exacting standard, as it should be, because a finding of general

jurisdiction permits a defendant to be hauled into court in the

forum state to answer for any of its activities anywhere in the

world."  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797,

801 (9th Cir. 2004).

Here, Gemini concedes SSI is a North Carolina Corporation

organized and existing under the laws of that state.  Opp'n at

6.  But Gemini contends that its purchase of 46 lots of FBS from

SSI since 2006 constitute the continuous and systematic contacts

required for general jurisdiction.  See id.  This specific

relationship that Gemini has with SSI does not mean SSI has a

systematic and continuous relationship with California.  General

4

jurisdiction deals with a corporation's general contacts with a state and not its case-specific contacts.  See Goodyear, 564 U.S. at 919.  General jurisdiction does not lie here.

## 2.    Specific Jurisdiction

Gemini argues specific jurisdiction lies over SSI because: (1) SSI purposefully availed itself of California's laws by entering into a contract with Gemini through electronic communication and marketing its products in California; (2) Gemini's claim arises out of SSI's conduct within California; and (3) the exercise of personal jurisdiction over SSI is reasonable.  See Opp'n at 9-10.

To decide whether specific jurisdiction lies, the Court applies a three-part test.  First, the non-resident defendant must either: (1) purposefully direct their activities or consummate some transaction with the forum or resident thereof; or (2) perform an act by which they purposefully avail themselves of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. Schwarzenegger, 374 F.3d at 802 (internal citations and quotation marks omitted).  Second, the claim must arise from or relate to the defendant's forum-related activities.  Id.  Finally, the exercise of jurisdiction must comport with fair play and substantial justice, i.e. be reasonable.  Id.

Plaintiff has the burden on the first two prongs.  Boschetto v. Hansing, 539 F.3d 1011, 1016 (9th Cir. 2008).  If it fails to meet that burden, the jurisdictional inquiry ends and the case must be dismissed.  Id.  But if Plaintiff succeeds in meeting the burden, Defendant must then present a compelling case that

exercising jurisdiction would be unreasonable.  _Id._

     The first prong in the test for specific jurisdiction
requires the Court to conduct a purposeful availment inquiry to
determine if the contract claims justify exercising specific
jurisdiction.  _Schwarzenegger_, 374 F.3d at 802.  To satisfy this
prong, Gemini must allege that SSI affirmatively acted to promote
the transaction of business within California.  _Sher v. Johnson_,
911 F.3d 1357, 1362 (9th Cir. 1990).  Formation of a contract
with a nonresident defendant by itself is not enough to create
jurisdiction.  _Boschetto_, 539 F.3d at 1017.  To decide whether a
contract establishes minimum contacts, the Court considers the
following facts: (1) previous negotiations; (2) contemplated
future consequences; and (3) the terms of the contract and the
parties' actual course of dealing.  _Gray & Co. Firstenberg Mach._
_Co._, 913 F.3d 758, 760 (9th Cir. 1990) (internal citations and
quotation marks omitted).

     Here, Gemini argues it meets the standard for purposeful
availment because SSI sold 46 previous lots to Gemini over the
past ten years and marketed its products to Gemini while knowing
Gemini was a California business.  _See_ Opp'n at 10-12.  But these
general allegations about facts not related to the specific
transaction at issue are insufficient to justify specific
jurisdiction.  Gemini has not pleaded anything specific about
those 46 prior transactions and how any negotiations,
contemplations, or terms of those transactions affected the
purchase giving rise to this action.

///

///

Gemini also argues that SSI has purposefully availed itself
of California's laws by conducting business with at least four
other businesses in California.  See Opp'n at 12; see also Polan
Decl. ¶¶ 7-8.  SSI's business transactions with third-parties
outside this litigation are not relevant to this Court's specific
jurisdiction analysis.  "Specific jurisdiction is confined to
adjudication of issues deriving from, or connected with, the very
controversy that establishes jurisdiction."  Goodyear Dunlop
Tires Operations, 564 U.S. at 919 (internal citation and
quotation marks omitted).  As they are alleged, the relevant
actions for the Court's specific jurisdiction analysis are
Gemini's January and February 2016 communications with Gemini
over buying FBS in 2016, entry into the purchase transaction, and
SSI's shipment of the FBS on February 19, 2016.  See Compl. ¶¶ 7-
9.

These actions do not establish purposeful availment.  Gemini
has not alleged that the parties engaged in significant
negotiations in California or that the invoice between the
parties established a continuing commitment on either side.  As
in Boschetto, once the FBS was delivered, the parties could go
their separate ways.  Boschetto, 539 F.3d at 1017 ("[Plaintiff]
did not create any ongoing obligations with Boschetto in
California; once the car was sold the parties were to go their
separate ways."); see also Gray, 913 F.2d at 761 ("There is no
evidence the sale contemplated a continuing relationship between
Gray and the defendants.").  The parties did not engage in the
type of negotiations in California which would support a
purposeful availment finding and there are no continuing

obligations between the parties.  Gemini's allegations do not meet the burden for purposeful availment.

Since Gemini cannot meet its burden on the first prong of the three-part specific jurisdiction test, the Court's inquiry ends.  The Court also does not and need not reach Defendant's Fed. R. Civ. P. 12(b)(6) arguments.  The Court finds that Plaintiff might still be able to plead sufficient facts to maintain its claim against Defendant and therefore grants this motion to dismiss with leave to amend.

### III.   SANCTIONS

The Court issued its Order re Filing Requirements ("Order") on July 27, 2017.  ECF No. 2-2.  The Order limits memoranda in support of and in opposition to motions to dismiss to fifteen pages and reply memoranda in support of motions to dismiss to five pages.  The Order also states that an attorney who exceeds the page limits must pay monetary sanctions of $50.00 per page and that the Court will not consider any arguments made past the page limit.  Gemini's opposition memorandum exceeds the page limit by five pages.  The Court has not considered any arguments made after page fifteen of the opposition brief.  The Court ORDERS Gemini's counsel to pay $250.00 in sanctions.  Sanctions shall be paid to the Clerk of the Court within five days of the date of this Order.

### IV.   ORDER

The Court GRANTS WITH LEAVE TO AMEND SSI's motion to dismiss.  If Genesis amends its complaint, it shall file a First

Amended Complaint within twenty days of this Order. Defendant's
responsive pleading is due twenty days thereafter.

IT IS SO ORDERED.

Dated: November 9, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE