1   MELISSA A. JONES (SB #205576)
    melissa.jones@stoel.com
2   MATTHEW T. STRUHAR (SB #293973)
    matt.struhar@stoel.com
3   STOEL RIVES LLP
    500 Capitol Mall, Suite 1600
4   Sacramento, CA 95814
    Telephone: (916) 447-0700
5   Facsimile: (916) 447-4781

6   Attorneys for Defendant
    SERUM SOURCE INTERNATIONAL, INC.
7

8                   UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10                      SACRAMENTO DIVISION

11

12  GEMINI BIOPRODUCTS, INC., a California      CASE NO. 2:17-CV-01551-JAM-KJN
    corporation,
13                                              **REPLY IN SUPPORT OF MOTION TO**
                    Plaintiff,                  **DISMISS FIRST AMENDED**
14                                              **COMPLAINT**
            v.
15                                              (Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P.
    SERUM SOURCE INTERNATIONAL, INC.,           12(b)(6))
16  a North Carolina corporation; and DOES 1-50,
    Inclusive,                                  Date:        February 13, 2018
17                                              Time:        1:30 p.m.
                    Defendants.                 Location: Courtroom 6, 14th Floor
18                                              Judge:    Hon. John A. Mendez

19                                              Action Filed:     June 19, 2017
                                                First Amended:    December 1, 2017
20

21

22

23

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

REPLY ISO MOTION TO DISMISS FIRST                          2:17-CV-01551-JAM-KJN
AMENDED COMPLAINT
95777804.1 0059712-00001

**REPLY MEMORANDUM**

**I.** **INTRODUCTION**

Plaintiff Gemini Bioproducts, Inc. ("Gemini") has doubled down on the same arguments that this Court rejected when it dismissed the initial Complaint for lack of personal jurisdiction. To obscure this, Gemini attempts to present previously alleged facts in a new light. But these newly alleged facts were apparent when the Court granted the initial motion to dismiss of Defendant Serum Source International, Inc. ("SSI"). And were the Court to accept Gemini's arguments, it would be in violation of precedent from both the Ninth Circuit and the U.S. Supreme Court. For that reason, and because the First Amended Complaint, ECF Dkt. No. 13 ("FAC"), still fails to meet the pleading standard under Rule 8(a), the Court should grant SSI's motion and dismiss the FAC without leave to amend.

**II.** **ARGUMENT**

**A.** **Gemini Has Not Met Its Burden of Showing General Jurisdiction.**

To hold that tribunals within a state have general jurisdiction over an out-of-state defendant is a big deal. It permits the forum state's judicial tribunals to exercise personal jurisdiction over any matter involving the defendant, *regardless of the forum state's connection to the dispute. See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). For that reason, invoking general jurisdiction requires showing that a defendant's affiliations with the forum state are so "continuous and systematic" that the forum state is more or less another home for the defendant. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "This is an exacting standard . . . ." *Schwarzenegger*, 374 F.3d at 801.

Given the exacting standard required to invoke general jurisdiction, it is surprising that Gemini even raised this argument. After all, this Court already rejected Gemini's contention that "this Court has general jurisdiction over SSI because of a continual and longstanding course of conduct and business between Gemini and SSI." Dismissal Order, ECF Dkt. No. 12 ("Order"), p. 4. All Gemini adds to this is that SSI also marketed its products to other customers. That hardly renders SSI at home in California. Concluding so would effectively subject SSI to the general

Stoel Rives LLP
Attorneys At Law
Sacramento

REPLY ISO MOTION TO DISMISS FIRST
AMENDED COMPLAINT
-1-
2:17-CV-01551-JAM-KJN

95777804.1 0059712-00001

1    jurisdiction of any state in which it conducts business.  *Daimler AG v. Bauman*, 134 S. Ct. 746,

2    760 (2014).

3         Gemini also conflates specific jurisdiction with general jurisdiction.  According to

4    Gemini, "SSI's continuous activity in California of soliciting, marketing, and selling cell culture

5    is at the heart of and directly related to the instant action." Opposition Memorandum, ECF Dkt.

6    No. 17 ("Opp'n"), p. 6.  But as this Court already acknowledged, these precise case-specific

7    allegations do not suffice to invoke general jurisdiction. Order, pp. 4-5 (citing *Goodyear*, 564

8    U.S. at 919). This Court should reject Gemini's baseless and redundant effort to invoke general

9    jurisdiction over SSI.

10        **B.        Gemini Has Not Met Its Burden of Showing Specific Jurisdiction.**

11        The Opposition correctly identifies the purposeful availment test as the appropriate

12   standard for determining whether a forum state has specific jurisdiction in a breach of contract

13   case.  *See* Opp'n, p. 7.  Meeting this standard requires showing that a defendant purposefully

14   availed itself of "the privilege of conducting activities within the forum State, thus invoking the

15   benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). In granting

16   SSI's initial motion, this Court made clear that Gemini failed to allege "that the parties engaged in

17   significant negotiations in California or that the invoice between the parties established a

18   continuing commitment on either side."  Order, p. 7.

19        Gemini has not provided the Court with newly alleged facts concerning either negotiations

20   in California or a continuing commitment resulting from this transaction. Instead, Gemini

21   highlights facts that were apparent in its initial Complaint. Both the FAC and the Opposition

22   point specifically to two supposed "continuing obligations": the limited warranty and the fee-

23   shifting provision.  Opp'n, p. 9.  Yet the warranty and the fee-shifting provision were apparent

24   from Gemini's initial pleading, which attached the invoice that referenced both. ECF Dkt. No.1-1,

25   ¶ 9, Ex. A.  There is nothing new here, as Gemini implicitly acknowledges by falling back on the

26   same intentional tort cases it cited in its initial failed effort to show personal jurisdiction.  *See*

27   *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128-29 (9th Cir. 2010) (applying

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

REPLY ISO MOTION TO DISMISS FIRST
AMENDED COMPLAINT
-2-
2:17-CV-01551-JAM-KJN

95777804.1 0059712-00001

1    the purposeful direction test); *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1126

2    (W.D. Pa. 1997); *Stomp, Inc. v. NeatO, LLC*, 61 F. Supp. 2d 1074, 1078-79 (C.D. Cal. 1999).

3         More fundamentally, neither of these supposed "continuing obligations" warrants the

4    exercise of personal jurisdiction over SSI.  Purposeful availment depends on the defendant's

5    affirmative conduct, not on merely contingent rights or obligations.  *See Sher v. Johnson*, 911

6    F.2d 1357, 1362 (9th Cir. 1990).  Neither the warranty nor the fee-shifting provision compels

7    affirmative conduct on the part of SSI. Premising personal jurisdiction on SSI's warranting the

8    product's quality, as Gemini would have it, would transform the purposeful availment analysis

9    into something resembling the purposeful direction test, in which the defendant is responsible for

10   the effects of its conduct from outside the forum state. *See Panavision Int'l, L.P. v. Toeppen*, 141

11   F.3d 1316, 1321 (9th Cir. 1998).

12        The fee provision, moreover, merely gives *SSI* a contingent right to fees in the event it

13   needs to resort to legal action to recover unpaid sums.  That obviously imposes no continuing

14   obligation on the part of SSI in California.  To get around this, Gemini notes that Civil Code

15   section 1717 transforms fee provisions into mutual obligations.  But that would upend the

16   analysis on personal jurisdiction, as it would empower state legislatures to circumscribe the

17   constitutional limits on the exercise of personal jurisdiction that have been in place since the

18   enactment of the Fourteenth Amendment.  *See Pennoyer v. Neff*, 95 U.S. 714, 733 (1877).

19        Gemini also reasserts its failed argument that personal jurisdiction can lie from SSI's 46

20   previous transactions with Gemini. Opp'n, p. 9.  But Gemini's only new contention is that it "was

21   willing to do business with [SSI] and accept [SSI's] future solicitations and offers," which is a

22   given in any breach of contract case. *Id*. That does not rise to the standard the Court set in its prior

23   Order, in which it required a more causal relationship between SSI's previous dealings with

24   Gemini and the transaction at issue in this case.  Order, p. 6.

25        Also, Gemini's argument that its claim arises out of SSI's forum-related activities relies

26   almost exclusively on *Gemini's* forum-related activities.  Opp'n, p. 10.  The Opposition states that

27   Gemini "communicated and negotiated" with SSI about the lot, and that it was Gemini who

28   "decided to purchase this lot from" SSI, and that Gemini "did so in California." *Id*. This

Stoel Rives LLP
Attorneys At Law
Sacramento

REPLY ISO MOTION TO DISMISS FIRST
AMENDED COMPLAINT                    -3-                    2:17-CV-01551-JAM-KJN

95777804.1 0059712-00001

argument attempts to flatly counter U.S. Supreme Court precedent, which makes clear that a plaintiff's contacts with the forum state are irrelevant, no matter how significant they are. *See Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014).

Stripped away of these artfully spun facts, the only meaningful alleged contact between SSI and California consists of the same email exchange that was at issue when this Court dismissed Gemini's initial pleading. As there "is no evidence [that] the sale contemplated a *continuing relationship* between" Gemini and SSI, nor any evidence of negotiations taking place entirely within California, this Court ought to reaffirm its initial order and grant SSI's motion. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 761 (1990); *see also Boschetto v. Hansing*, 539 F.3d 1011, 1018-19 (9th Cir. 2008).

Finally, Gemini has not rebutted SSI's arguments that the exercise of personal jurisdiction in this case would be unreasonable. The Opposition merely recites each factor and states, without much explanation, that each factor supports Gemini's position. Opp'n, pp. 11-12. In assessing the burden on SSI, Gemini fails to acknowledge that limited contacts, even if jurisdictionally sufficient, will militate "against exercising jurisdiction." *FDIC v. British-American Ins. Co.*, 828 F.2d 1439, 1444 (9th Cir. 1987). Simply quoting from an unpublished, non-controlling opinion, Gemini provides no explanation for why litigating in California is crucial to providing it with either convenient or effective relief. Opp'n, p. 12. And like California, North Carolina has adopted the Uniform Commercial Code, and so "the law in each forum is similar," thus cutting against the importance of California providing Gemini with convenient and effective relief. *See Gray & Co.*, 913 F.2d at 761.

### C.     Gemini Has Not Met the Plausibility Standard Under Rule 12(b)(6).

Gemini fails to cite *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), let alone explain how it satisfies the heightened plausibility standard. *Twombly* requires Gemini to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Yet Gemini does not explain how its allegations raise its claim to relief beyond a speculative level. *See id*. at 555.

Again, Gemini does not explain why it implausibly staked its allegedly sterling reputation without first testing the subject lot. *See* Opp'n, p. 13. Gemini tendered payment after holding

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

REPLY ISO MOTION TO DISMISS FIRST
AMENDED COMPLAINT                    -4-                    2:17-CV-01551-JAM-KJN

95777804.1 0059712-00001

onto the subject lot for 13 days, and it began marketing the product soon thereafter. FAC, ¶¶ 13-14, Ex. A. Although Gemini contends that it was not unreasonable to delay informing SSI until discovery of the problem, Gemini does not explain why it marketed the product without first testing it. Opp'n, pp. 13-14.

Yet Gemini delayed notifying SSI for six months after receiving the subject lot. FAC, ¶ 17. Previous California cases have found such a delay unreasonable as a matter of law. *See Fieldstone Co. v. Briggs Plumbing Prods., Inc.*, 54 Cal. App. 4th 357, 370 (1997); *Ice Bowl, Inc. v. Spalding Sales Corp.*, 56 Cal. App. 2d 918, 921-22 (1943). When facts are undisputed, as they necessarily are in a Rule 12(b)(6) motion, "the issue may be determined as a matter of law." *Fieldstone Co.*, 54 Cal. App. 4th at 370. And there is no dispute that Gemini delayed in providing notice to SSI for six months, all without testing the product itself for any defects.

In defending its unfair competition claim, Gemini cites *People ex rel. Renne v. Servantes*, 86 Cal. App. 4th 1081, 1095 (2001), to support its contention that one breach of contract can form the predicate unlawful act for an unfair competition claim. Opp'n, p. 14. But that case is distinguishable, as the court concluded that the defendant "over a period of years committed myriad unfair business practices and abused the public . . . ." *Servantes*, 86 Cal. App. 4th at 1083. Notably, Gemini does not address controlling Ninth Circuit authority that held that a UCL claim can only target a business practice that is "'forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made.'" *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1044 (9th Cir. 2010) (citation omitted).

## III.   **CONCLUSION**

For the reasons stated herein, SSI respectfully requests this Court dismiss Gemini's action with prejudice.

DATED: February 6, 2018                STOEL RIVES LLP

By:   /s/ Melissa A. Jones
MELISSA A. JONES
MATTHEW T. STRUHAR
Attorneys for Defendant
SERUM SOURCE INTERNATIONAL,
INC.

Stoel Rives LLP
Attorneys At Law
Sacramento

REPLY ISO MOTION TO DISMISS FIRST
AMENDED COMPLAINT

-5-

2:17-CV-01551-JAM-KJN

95777804.1 0059712-00001