UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEMINI BIOPRODUCTS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SERUM SOURCE INTERNATIONAL, INC., a North Carolina corporation; and DOES 1-50, Inclusive,<br><br>Defendants. | No. 2:17-cv-01551-JAM-KJN<br><br>**ORDER GRANTING SERUM SOURCE INTERNATIONAL, INC.'S MOTION TO DISMISS** |

In this action, Plaintiff, Gemini Bioproducts, Inc. ("Gemini" or "Plaintiff") claims it bought a bad shipment of Fetal Bovine Serum ("FBS") for $209,912.95 from Defendant Serum Source, International ("SSI" or "Defendant"). First Amended Compl. ("FAC"), ECF No. 13, ¶¶ 13-15. SSI rejected Gemini's request for a refund. FAC, ¶¶ 16-20. As a result, Gemini filed its Complaint against Defendant. See generally FAC. In November 2017, this Court granted Defendant's previous motion to dismiss, without prejudice, for lack of personal jurisdiction. Order, ECF No. 12. Plaintiff filed its FAC in December and Defendant again

1

moves to dismiss for lack of personal jurisdiction. Mot, ECF No. 16; Mem., ECF No. 16-1. Plaintiff opposes. Opp., ECF No. 17. For the reasons explained below, the Court grants Defendant's motion—this time with prejudice.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Gemini is a California corporation headquartered in West Sacramento. Decl. of Bertram J. Polan In Support of Opp. ("Polan Decl."), ECF No. 9-2, ¶ 3. It manufactures and sells cell culture sera like FBS. Id., ¶ 4. SSI is a North Carolina corporation with its headquarters in Charlotte. Decl. of Jonathan Jacobs In Support of Mot., ECF No. 6-3, ¶ 2. SSI has done business with Gemini and at least four other businesses in California that are not parties to this litigation. Polan Decl., ¶¶ 7-8.

Since 2006, Gemini has purchased 46 lots of FBS from SSI. FAC, ¶ 10. In February 2016, Gemini bought 967 bottles of FBS from SSI for $209,912.95. See id., ¶ 13. The invoice consummating this transaction includes an attorneys' fees provision and a return policy and warranty by SSI. Id., ¶¶ 16, 22.

Gemini received the bottles of FBS a couple of weeks later. See id. But when Gemini marketed the bottles to its customers, they complained about cells dying or growing very slowly in the FBS. See id., ¶¶ 14-15. In over 30 years of being in business,

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for Feb. 13, 2018. In deciding this motion, the Court takes as true all well-pleaded facts in the FAC.

2

this was the first time Gemini did not have a 100% rate of acceptance of FBS. Id., ¶ 14.

In September 2016, Gemini complained to SSI that the FBS it bought in February was not of the quality that SSI represented or that was standard for the industry. FAC, ¶ 17. SSI told Gemini it was trying to resolve the problem with the manufacturer but also reminded Gemini that it knew the quality of the FBS it was buying. See id., ¶ 19. Now Gemini wants a full refund and has sued SSI on the following claims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) open book account; and (4) unfair competition. See generally FAC.

Gemini filed suit in the Superior Court of California, County of Yolo, on June 19, 2017, and served SSI a week later. Notice of Removal, ECF No. 1. The case was removed to federal court a month after SSI received the complaint, on the basis of diversity jurisdiction and the amount in controversy being more than $75,000. See Notice of Removal at 2-3.

## II. OPINION

### A. Personal Jurisdiction

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff must make a prima facie showing that the court has jurisdiction over the defendant. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). Still, a plaintiff cannot simply rest on the bare allegations of the complaint. Ranza v. Nike, Inc., 793 F.3d 1059, 1068 (9th Cir. 2015). In making its prima facie showing, the plaintiff can

3

offer affidavits that the Court can choose to consider. Data Disc, Inc. v. Sys. Tech. Assocs., 557 F.2d 1280, 1285 (9th Cir. 1977).

There are two types of personal jurisdiction: general and specific. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919-20 (2011) (internal citation omitted). General jurisdiction lies where a foreign corporation's affiliations with the forum state are sufficiently continuous and systematic to render them at home in the forum state. Goodyear, 564 U.S. at 919-20. A court may have general jurisdiction over a defendant even when the claims at issue are distinct from the defendant's activities in that forum. Id. Specific jurisdiction lies where the defendant has established minimum contacts with the forum state and the dispute arises from those contacting activities with the forum state. Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1204-05 (9th Cir. 2006).

B. Discussion

1. General Jurisdiction

Gemini argues that its allegations in the FAC are sufficient for this Court to find that it has general jurisdiction over SSI because of (1) SSI's systematic and continuous promotion, marketing, and sale of products to Plaintiff and other similarly situated businesses in the California cell culture industry and (2) a continual and longstanding course of conduct and business between Gemini and SSI. See Opp. at 5-6. The Court disagrees.

General jurisdiction requires Gemini to show that SSI's own

4

affiliations with California are sufficiently "continuous and systematic" and that California essentially operates as SSI's home. Goodyear Dunlop Tires Operations, S.A., 564 U.S. at 919 (internal citation and quotation marks omitted). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be hauled into court in the forum state to answer for any of its activities anywhere in the world." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) (internal citation omitted). Gemini must prove that SSI's contacts with California are of the type that "approximate physical presence." Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (internal citation omitted), holding modified by Yahoo! Inc., 433 F.3d 1199. Only a limited set of affiliations that effectively render a corporate defendant at home in the forum state will result in general jurisdiction lying over that defendant. Daimler AG v. Bauman, 134 S. Ct. 746, 760 (2014).

Here, Gemini concedes SSI is a North Carolina corporation organized and existing under the laws of that state. Opp. at 5. But Gemini contends that SSI's continuous business activity and marketing in California combined with Gemini's purchase of 46 lots of FBS from SSI since 2006 constitute the continuous and systematic contacts required for general jurisdiction. See id. Gemini's allegations that SSI conducts continuous business activity in California do not suggest, however, that SSI is effectively at home in California. Defendant selling FBS to customers in California is not the kind of unique relationship with California, like incorporation or establishment of a

5

headquarters, that would justify maintaining general jurisdiction over Defendant. Daimler AG, 134 S. Ct. at 760-61. As Defendant points out, concluding otherwise would effectively subject it to general jurisdiction in any state where it has customers. Reply, ECF No. 19, at 1-2 (citing Daimler AG, 134 S. Ct. at 760). Accordingly, this Court again finds that it does not have general jurisdiction over SSI in this case.

### 2. Specific Jurisdiction

Gemini next argues in response to SSI's motion that it has sufficiently alleged that specific jurisdiction lies over SSI because: (1) SSI purposefully availed itself of California's laws by entering into a contract with Gemini through electronic communication and marketing its products in California; (2) Gemini's claim arises out of SSI's conduct within California; and (3) the exercise of personal jurisdiction over SSI is reasonable. See Opp. at 8-12. The Court finds otherwise.

To decide whether specific jurisdiction lies, the Court applies a three-part test. First, the non-resident defendant must either: (1) purposefully direct their activities or consummate some transaction with the forum or resident thereof or (2) perform an act by which they purposefully avail themselves of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. Schwarzenegger, 374 F.3d at 802 (internal citations and quotation marks omitted). Second, the claim must arise from or relate to the defendant's forum-related activities. Id. Finally, the exercise of jurisdiction must comport with fair play and substantial justice, i.e. be reasonable. Id.

Plaintiff has the burden on the first two prongs. Boschetto v. Hansing, 539 F.3d 1011, 1016 (9th Cir. 2008). If it fails to meet that burden, the jurisdictional inquiry ends and the case must be dismissed. Id. But if Plaintiff succeeds in meeting the burden, Defendant must then present a compelling case that exercising jurisdiction would be unreasonable. Id.

For the first prong in the test for specific jurisdiction, the Court conducts a purposeful availment inquiry, rather than a purposeful direction inquiry (used in tort cases), to determine if the contract claims justify exercising specific jurisdiction. See Schwarzenegger, 374 F.3d at 802; Picot v. Weston, 780 F.3d 1206, 1212 (9th Cir. 2015). Evidence of availment is shown by action taking place in the forum that invokes the benefits and protections of the laws in that forum. Pebble Beach, 453 F.3d at 1155. Evidence of direction, on the other hand, consists of action taking place outside the forum that is directed at the forum. Id.

Since this is a contract case, to satisfy the first prong, Gemini must allege that SSI affirmatively acted to promote the transaction of business within California. See Sher v. Johnson, 911 F.3d 1357, 1362 (9th Cir. 1990); Picot, 780 F.3d at 1212 (defendant must take actions that create a substantial connection with the forum state) (internal citation omitted). Formation of a contract with a nonresident defendant by itself is not enough to create jurisdiction. Boschetto, 539 F.3d at 1017. To decide whether a contract establishes minimum contacts, the Court considers the following facts: (1) previous negotiations; (2) contemplated future consequences; and (3) the terms of the

contract and the parties' actual course of dealing. Gray & Co. Firstenberg Mach. Co., 913 F.2d 758, 760 (9th Cir. 1990) (internal citations and quotation marks omitted).

Gemini also seeks to apply the Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119 (W.D. Pa. 1997) sliding scale internet effects test, as it was applied by the Ninth Circuit in Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1227 (9th Cir. 2011), to this case. Opp. at 7-8. But the Ninth Circuit applied the Zippo test to "copyright infringement, a tort-like cause of action" and not to contract claims, like those at issue here. Mavrix, 647 F.3d at 1228. Similarly, the Stomp, Inc. v. NeatO, LLC, 61 F. Supp. 2d 1074, 1078-79 (C.D. Cal. 1999) case that Gemini cites in support of its argument does not apply here. In that case, the Central District of California used the Zippo test in a case involving patent infringement claims and not contract claims. Id. Gemini's reliance on these cases is unavailing.

Here, Gemini argues that SSI had a continuing commitment to Gemini because of SSI's return policy and warranty and the parties' inclusion of an attorney's fees provision in their invoice. See Opp. at 9. Gemini also contends it meets the standard for purposeful availment because SSI and Gemini had a prior course of dealing over the 46 lots that Gemini bought and led it to transact with SSI for the most recent sale. See id.

As Defendant points out, premising personal jurisdiction on SSI's warranty of the quality of FBS would convert the purposeful availment analysis into something like the purposeful direction test used in tort cases, where the defendant is responsible for

8

the effects of its conduct in the forum state. Reply at 3 (citing Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1321 (9th Cir. 1998).

Instead, the purposeful availment test involves the affirmative conduct of the defendant and not the ultimate effects of the defendant's conduct. Gray, 913 F.2d at 760. Gemini's exercise of its warranty right and use of Defendant's return policy is not an affirmative action by Defendant. In addition, "foreseeability of causing injury in another state is not a sufficient basis on which to exercise jurisdiction." Id.

Further, the attorney's fees provision does not satisfy the purposeful availment test because it creates a contingent right and addresses Defendant's potential failure to perform; the attorney's fees provision does not represent Defendant affirmatively doing something to avail itself of the benefits and protections of California's laws. See Gray, 913 F.2d at 760. While Gemini notes that California Civil Code § 1717 transforms attorney's fee provisions into mutual obligations, this does not mean a non-California company's use of an attorney's fees provision in a contract with a California party constitutes purposeful availment. See FAC, ¶ 22. Finding otherwise would allow state legislatures to circumscribe the constitutional limits on the exercise of personal jurisdiction that are provided by the Fourteenth Amendment. See Walden v. Fiore, 134 S. Ct. 1115, 1121 (2014) ("to determine whether the Federal District Court in this case was authorized to exercise jurisdiction over petitioner, we ask whether the exercise of jurisdiction comports with the limits imposed by federal due process on the [forum

state]") (internal quotation marks and citation omitted).

Finally, Gemini's allegations of the parties' 46 prior transactions and concomitant course of dealing also do not satisfy its burden of showing that Defendant purposefully availed itself of the benefits and protections of California's laws for the transaction giving rise to this lawsuit. Gemini only alleges that those prior sales motivated Gemini to purchase FBS from Defendant in the most recent transaction. Opp. at 9. Gemini does not allege that those prior sales actually created a mutual contemplation of future consequences between the transacting parties, as required by Gray. See id.; Gray, 913 F.2d at 760. Gemini has also failed to provide any authority to support a finding that Defendant purposefully availed itself of the benefits and protections of California's laws based on the parties' prior transactions, the warranty and return policy, and the attorney's fees provision.

Gemini contends that Gray and Boschetto should not apply to this case. Opp. at 9-10. Gemini notes that in Gray, the invoice stated the sale was "as is, where is," indicating the defendant's desire to not be responsible for the product after delivery. Id. at 9 (citing Gray, 913 F.3d at 761). This is a distinction without a difference. The invoice's note on finality from Gray is absent from this case. But, similar to the sale in Gray, the sale here did not "contemplate[] a continuing relationship" between Gemini and Defendant. Gray, 913 F.3d at 761. After Defendant delivered the FBS to Gemini, the parties were free to go their separate ways unless something went wrong, which is insufficient to find purposeful availment. See id.

Gemini's attempt to distinguish Boschetto also fails. Gemini emphasizes that in Boschetto, the eBay seller did not know who the winning bidder was until the auction ended, unlike here where Defendant marketed and solicited customers in California. Opp. at 9-10 (citing 539 F.3d at 1019). But the court in Boschetto also noted that "the consummation of the sale via eBay here is a distraction from the core issue: [t]his was a one-time contract for the sale of a good" and that "[plaintiff] did not create any ongoing obligations with Boschetto in California; once the car was sold the parties were to go their separate ways[.]" 539 F.3d at 1017, 1019. While Gemini and Defendant consummated 46 prior sales, these were separate stand-alone transactions and not an ongoing transaction.

Since Gemini still cannot meet its burden on the first prong of the three-part specific jurisdiction test, the Court's inquiry ends and the case must be dismissed. The Court also does not and need not reach Defendant's Federal Rule of Civil Procedure 12(b)(6) arguments.

C. Leave to Amend

Gemini requests further leave to amend if the Court grants Defendant's motion to dismiss. See Opp. at 15. But the Court need not grant leave to amend where amendment would be futile. Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1049 (9th Cir. 2006). As explained above, Gemini has again failed to satisfy its burden of showing that maintaining general jurisdiction over Defendant is appropriate. Maintaining specific jurisdiction is also not appropriate because Gemini has failed to satisfy its burden of showing that Defendant

purposefully availed itself of the benefits and protections of California's laws.  Gemini has pointed to no facts suggesting amendment could rectify its failures.  The Court denies Plaintiff's request.

### III.  ORDER

For the reasons above, the Court GRANTS Defendant's motion to dismiss with prejudice.

IT IS SO ORDERED.

Dated: March 30, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE